# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-970V

* * * * * * * * * * * * * * * * * * * * * * * * *
ABDOLRAHIM NOORANI,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Katherine E. Oler

Filed: July 10, 2024

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Somers Points, NJ, for Petitioner
*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On August 10, 2016, Abdolrahim Noorani ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging that he suffered Guillain-Barré syndrome and neurological injuries as a result of the influenza vaccination he received on September 30, 2015. ECF No. 1 ("Pet.").

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a second motion[3] for interim attorneys' fees and costs on March 15, 2024, requesting a total of $113,177.98. ECF No. 180 (hereinafter "Fees App."). Respondent filed a response on March 27, 2024, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs. ECF No. 82 ("Fees Resp.") at 4. Petitioner did not file a reply.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$104,692.92** in interim attorneys' fees and costs.

## I.     Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*,

---

[3] On April 20, 2021, Petitioner filed his first application for interim fees and costs, for $97,898.70 in fees and $23,673.19 in costs incurred by Ms. Carol Gallagher; and $22,743.50 in fees and $17,273.22 in costs incurred by a prior law firm, Muller Brazil, representing a total request for $161,688.61. ECF No. 110. On January 20, 2022, I granted Petitioner's application in part, awarding a total of $138,806.54, which comprised of $88,108.83 in fees and $23,610.49 in costs for Ms. Gallagher's work; and $20,599.50 in fees and $6,487.72 in costs related to Muller Brazil's work. ECF No. 121.

2

2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

3

Case 1:16-vv-00970-UNJ   Document 190   Filed 08/23/24   Page 4 of 10

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.     Discussion

### A.  Undue Financial Hardship

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). In this case, Petitioner's attorney has been working on this case since 2017. Fees App. at 1. Additionally, Petitioner's attorney has hired two well-qualified experts at a substantial cost. *Id.* at 4. The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008).

4

I also note that the COVID-19 pandemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health & Hum. Servs*, No. 14-853V, 2020 WL 4219821 *5 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees).

Given these unprecedented economic circumstances, and the time already spent litigating this case, I find that the Petitioner would suffer undue hardship in the absence of an award of interim attorneys' fees and costs.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. at 2-4. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at the totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioner has filed extensive medical records in this case. *See* Exs. 1-28, 74-76, 78. Petitioner has also filed three expert reports. ECF Nos. 16, 30, 65. I find that Petitioner had a reasonable basis to file the claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $83,182.50 in attorneys' fees. Fees Application at 6.

1. <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

---

[4] The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-

Ms. Gallagher, requests to be compensated at a rate of $450 per hour for work performed between 2021-2024. *See* Fees App. at 8-48. However, this is not consistent with the Fees Schedule and with what Ms. Gallagher has been awarded in the past. *See Noorani v. Sec'y of Health & Hum. Servs.*, No. 16-970V, 2022 WL 780828 (Fed. Cl. Spec. Mstr. Jan. 20, 2022). In previous cases, including the first interim fees request, Ms. Gallagher requested and was awarded $424.00 per hour for work performed in 2021. *Noorani*, 2022 WL 780828, at *4. This appears to reflect a mid-year rate increase of $26.00. Although the size of the proposed increases is not *per se* objectionable, it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances. *Hughes v. Sec'y of Health & Hum. Servs.*, No. 20-1548V, 2024 WL 1253782 (Fed. Cl. Spec. Mstr. Feb. 28, 2024). Accordingly, I reduce Ms. Gallagher's rate to $424.00 per hour for the 31.75 hours billed in 2021, to be consistent with what has previously been awarded. This results in a reduction of attorney's fees by $825.50.[5]

Additionally, this also reflects changes to the requested travel time rate. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half of the hourly rate. *See Williams v. Sec'y of Health & Human Servs.*, No. 16-24V, 2020 WL 3619504, at *2 (Fed. Cl. Spec. Mstr. Jun. 23, 2020); *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99– 533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. Jul. 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).[6] This results in an additional reduction of $111.80, with a new total reduction of $937.30.

The remaining rate of $450 requested for Ms. Gallagher's hourly rate between 2022-2024 is reasonable and no adjustment is warranted. *See Morgan v. Sec'y of Health & Hum. Servs.*, No. 19-71V, 2024 WL 1617314, at *2 (Fed. Cl. Spec. Mstr. Feb. 20, 2024); *Perez v. Sec'y of Health & Hum. Servs.*, No. 18-999V, 2023 WL 7221314, at *2 (Fed. Cl. Spec. Mstr. Sept. 28, 2023).

   2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the

---

Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf.
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf.
The 2024 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[5] The previous rate $450.00 x 13.75 hours = $14,287.50. The corrected rate of $424.00 x 13.75 hours = $13,462.00. Thus, this difference of $14,287.50 - $13,462.00 = $825.50.

[6] The previous rate $255.00 x 8.60 hours = $1,935.00. The corrected rate of $212.00 x 8.60 hours = $1,823.20. Thus, this difference of $1,935.00 - $1,823.20 = $111.80.

litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App. Ex A. Since the last interim request for attorneys' fees and costs, Ms. Gallagher has corrected errors previously made regarding billing for administrative/secretarial tasks, duplicative billing, and excessive client communication. ECF No. 121 at 6-7. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Based on the above, and the corrected hourly rate, I will therefore award Ms. Gallagher **$82,245.20** in attorneys' fees.

### D. Reasonable Costs

Petitioner requests a total of $29,995.48: $26,313.41 for expert costs; $2,765.93 for travel costs; $780.29 for medical record requests; $7.85 for mailing costs; and $128.00 for the transcript. Petitioner provided documentation of the travel costs, medical record requests, mailing costs, and transcript. I find the costs for these items reasonable, and award them in full. I discuss the costs for Petitioner's experts below.

7

1. Petitioner's Expert Costs for Roberta Hurley

Petitioner requests $4,547.76 for Ms. Hurley's travel costs, site visit, and assessment and life care planning at an hourly rate of $150 per hour. Fees App., Ex. C at 75-79. In previous cases, Ms. Hurley has been awarded $125 per hour for work performed in 2021, and there is no information on Ms. Hurley's rate for the following years. *Pickard v. Sec'y of Health & Hum. Servs.*, No. 20-276V, 2023 WL 9503424, at *2 (Fed. Cl. Spec. Mstr. Dec. 1, 2023). While other special masters have noted that Ms. Hurley's rate need not remain static forever, it is incumbent upon Petitioner and her counsel to substantiate the hourly rates of the experts they retain. *Id.* Here, Petitioner has not advanced any such argument providing an explanation for the increase.

Additionally, and Ms. Hurley has already been notified of such a problem in other cases, her billing statements contain a lack of specificity concerning review of records, communication, and research.[7] Ms. Hurley's billing statement continues to provide vague descriptions of her billing entries. Questions concerning Ms. Hurley's rates and billing statements are enough justification for me to defer payment until a final fees determination.

2. Petitioner's Expert Costs for Gary Golkiewicz

Petitioner requests $9,313.41 for work performed by former Chief Special Master Gary Golkiewicz for his mediation services. Fees App., Ex. C at 80-81. Mr. Golkiewicz's request reflects 39.55 hours of work at a rate of $464 per hour between 2022-2023 for time spent meeting with the parties, discussing and drafting settlement offers, and travelling for the settlement meetings.[8] Mr. Golkiewicz has previously been awarded this rate in the past. *See Blair v. Sec'y of Health & Hum. Servs.*, No. 19-894V, 2022 WL 17852432, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2022). After review of his invoice, the hours are justified and the undersigned finds these costs to be reasonable and shall fully reimburse them.

3. Petitioner's Expert Costs for M. Eric Gershwin, M.D.

Petitioner once again requests $9,875.00 for work performed by Dr. Eric Gershwin. Fees App., Ex. C at 84-85. I had previously noted that I would defer costs related to Dr. Gershwin during the initial Interim Fees request because of concerns over block billing, which is disfavored in the Program. ECF No. 121 at 10-11. As I have noted previously, Dr. Gershwin has previously been awarded his requested rate of $500 per hour and I see no reason to disturb such a request. *See A.S. v. Sec'y of Health & Hum. Servs.*, No. 15-520V, 2020 U.S. Claims LEXIS 1196 (Fed. Cl. Spec. Mstr. June 4, 2020); *Hoskins v. Sec'y of Health & Hum. Servs.,* 2017 U.S. Claims LEXIS 934 (Fed. Cl. Spec. Mstr. July 12, 2017). Since Petitioner's last Interim Fees request, Dr. Gershwin has

---

[7] For example, on January 17, 2022, Ms. Hurley billed 25 minutes for work described as an "email with Carol regarding specifics of case." Fees App. at 77. On June 20, 2023, Ms. Hurley billed 30 minutes for the same description. *Id.* at 78.

[8] 39.55 total hours of work performed at the rate of $464 is $18,351.20. However, the parties agreed to pay 50 percent of the mediator's fees and costs, so Petitioner's requested total is 9,313.41. Fees App., Ex C at 81.

resubmitted his requested costs detailing the hours spent conducting his review of the records and drafting his report. After review of this document, his hours are justified and there is no longer a concern over block billing. The undersigned finds these costs to be reasonable and shall fully reimburse them.

### 4. Petitioner's Expert Costs for Nizar Souayah, M.D.

Petitioner once again requests $2,000.00 for work performed by Dr. Nizar Souayah. Fees App., Ex. C at 83. I had previously noted that I would defer costs related to Dr. Souayah during the initial Interim Fees request because he did not make clear what work he performed or provide any rationalization for why he should get paid as he did not provide an expert report. ECF No. 121 at 11. Now, Petitioner once again submits the request, but submits an invoice that provides a description of his work. He requests an hourly rate of $500 per hour for 4 hours for "pre review discussion with lawyer," "review of medical records," and "post review discussion with lawyer." Fees App., Ex. C at 83. After review of this document, there is a rationalization for his requested hours of work and I find them justified. These costs are reasonable and shall be fully reimbursed.

### 5. Miscellaneous costs

Petitioner requests $1,259.31 in miscellaneous costs. This amount is comprised of acquiring transcripts, medical records, postage, and meals during travel. Fees App. at 6. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. The undersigned finds these costs to be reasonable and shall fully reimburse them.

I award Petitioner a total of **$22,447.72** in attorneys' costs.

## III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$104,692.92**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and his attorney, Ms. Carol L. Gallagher.

9

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.